IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MEGAN SHEALY, as Attorney-in-Fact for GREGORY A. WEIGOLD, | 3:26-cv-1663-CMC |
| Plaintiff, | |
| v. | **COMPLAINT** |
| JOHN DOE 1 d/b/a "LEAH DAVIS"; JOHN DOES 2–6 (members/operators of the "GENISIS" investment fraud scheme); LX WHOLESALE TRADING INC.; WWX TRADING INC.; and JACK WANG CONSTRUCTION INC., | (JURY TRIAL REQUESTED) |
| Defendants. | |

Plaintiff Megan Shealy, as Attorney-in-Fact for Gregory A. Weigold, by and through undersigned counsel, brings this action against the above-named Defendants and alleges as follows:

**NATURE OF THE ACTION**

1. This case arises from a coordinated, cyber-enabled investment fraud and elder financial exploitation scheme in which Defendants stripped 69-year-old Gregory A. Weigold of approximately $382,992.04 through a fictitious trading platform, manufactured personas, and shell companies used to receive and conceal stolen funds.

2. Operating under the alias "Leah Davis" and the fictitious investment platform "Genisis," Defendants spent months cultivating Mr. Weigold's trust, manipulating his emotions, and exploiting his cognitive impairment to induce him to liquidate retirement savings, life insurance proceeds, and home equity and to wire those funds to accounts controlled by or for the benefit of Defendants.

3. Plaintiff seeks to recover the full $382,992.04 taken from Mr. Weigold, together with treble damages, attorneys' fees, restitution, and all other relief available under the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 et seq., the South Carolina Adult Protection Act, S.C. Code Ann. § 43-35-10 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., and other applicable law.

1

## THE PARTIES

4. Plaintiff Megan Shealy is an individual residing in Chapin, South Carolina, in Lexington County, and brings this action solely in her capacity as Attorney-in-Fact for Gregory A. Weigold under a Durable Power of Attorney recorded in the public records of Lexington County, South Carolina.

5. Gregory A. Weigold is an individual residing Chapin, South Carolina, in Lexington County. He is 69 years of age and has been diagnosed with moderate atrophy of the cerebellum and cerebrum and is under neurological evaluation. During the period relevant to this Complaint, Mr. Weigold suffered from progressive cognitive decline that Defendants exploited.

6. Defendant John Doe 1, operating under the alias "Leah Davis," is a natural person whose true identity is unknown to Plaintiff, who served as the primary point of contact between Mr. Weigold and the Genisis fraud enterprise, communicated with him via WhatsApp, and directed the fraudulent transactions described in this Complaint. Upon information and belief, John Doe 1 is not a resident of South Carolina.

7. Defendants John Does 2–6 are natural persons or entities whose true identities are unknown to Plaintiff, who participated in, directed, operated, or otherwise aided and abetted the Genisis investment fraud scheme, including by creating and operating the Genisis application, establishing and operating shell company accounts used to receive stolen funds, and laundering the proceeds of the fraud.

8. Defendant LX Wholesale Trading Inc. is a corporation or other business entity with a registered address of 4612 Buring Street, Flushing, New York 11355, believed to be a shell entity created by or for Defendants for the purpose of receiving fraudulently obtained wire transfers and having no legitimate business operations.

9. Defendant WWX Trading Inc. is a corporation or other business entity with a registered address of 4260 Main Street, Apt. 3F, Flushing, New York 11355, believed to be a shell entity created by or for Defendants for the purpose of receiving fraudulently obtained wire transfers and having no legitimate business operations.

10. Defendant Jack Wang Construction Inc. is a corporation or other business entity with a registered address of 700 Commerce Drive, Suite Room 5064, Oak Brook, Illinois 60523, believed to be a shell entity created by or for Defendants for the purpose of receiving fraudulently obtained wire transfers and having no legitimate business operations.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. This Court also has subject matter jurisdiction under 18 U.S.C. § 1964(c) because Plaintiff asserts claims under the Racketeer Influenced and Corrupt Organizations Act.

13. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims—including the fraudulent solicitations directed at Mr. Weigold, the banking transactions, and the resulting injury—occurred in Lexington County, South Carolina, within this District.

## FACTS

### A. Background: Gregory A. Weigold

14. Mr. Weigold is a 69-year-old retiree who, beginning in or around June 2025, became the victim of a sophisticated, multi-layered investment fraud scheme.

15. At the time of the events described here, Mr. Weigold suffered from cognitive impairment, including moderate atrophy of the cerebellum and cerebrum confirmed by MRI in February 2026, with cognitive decline observable to family members and colleagues for at least six to eight months before the events at issue.

16. Mr. Weigold resides at 125 Firefly Lane in Chapin, South Carolina, on the same parcel of property as his daughter, Plaintiff Megan Shealy, and her family.

### B. The Genisis Fraud Scheme

17. Beginning in or before June 2025, Defendant John Doe 1, using the alias "Leah Davis," initiated contact with Mr. Weigold, believed to have been via email or WhatsApp, and thereafter communicated with him primarily through WhatsApp.

18. John Doe 1 represented herself as an investment professional affiliated with a company called "Genisis," supposedly offering lucrative investment opportunities in gold futures and other commodities through a proprietary mobile application referred to as the Genisis App.

19. Over a period of months, John Doe 1 cultivated a personal relationship with Mr. Weigold, using flattery, emotional manipulation, and flirtatious communications to create a sense of trust, dependency, and personal obligation, and exploiting his cognitive vulnerability and desire to provide for his family.

20. To reinforce that trust, Defendants caused the Genisis App to display fictitious trading profits on small initial deposits, leading Mr. Weigold to believe he had doubled his initial deposits through gold futures trading when, in reality, no trades occurred and no profits were earned.

21. The Genisis App has since been removed and is no longer accessible.

3

22. After establishing trust and displaying fictitious returns, John Doe 1 directed Mr. Weigold to make progressively larger wire transfers to accounts controlled by or for the benefit of Defendants, including accounts held in the names of LX Wholesale Trading Inc., WWX Trading Inc., and Jack Wang Construction Inc.

**C. The Fraudulent Transactions**

23. On or about June 20, 2025, at Defendants' direction, Mr. Weigold opened a new TD Complete Checking account, Account No. XXXXXXX0825, at TD Bank, N.A., his first account and first banking relationship with TD Bank.

24. Over the next 39 days, from June 20, 2025 through July 29, 2025, and at Defendants' direction, Mr. Weigold made the following deposits and wire transfers from his TD Bank account:

    a. On or about June 25, 2025, he deposited $82,000 in cash at a TD Bank branch.

    b. On or about June 26, 2025, he attempted to wire $81,000 to Coinbase Inc. via Cross River Bank; the wire was rejected and returned, and on information and belief Defendants caused it to be directed to an invalid account number to redirect the funds to their shell company accounts.

    c. On or about June 30, 2025, he wired $81,000 from his TD Bank account to LX Wholesale Trading Inc., Account No. XXXXXX7843, at American Express National Bank, ABA No. 124303243, Wire ID: MAX-00883456.

    d. On or about July 9, 2025, he deposited $203,000 into his TD Bank account, representing proceeds from a draw on a home equity line of credit secured by the Weigold family home and liquidated without his wife's knowledge.

    e. On or about July 15, 2025, he made three separate wires:

        • $61,000 to LX Wholesale Trading Inc., Account No. XXXXXX6738, Wire ID: MAX-00903320;

        • $70,000 to WWX Trading Inc., Account No. XXXXX7111, Wire ID: MAX-00903274; and

        • $70,992.04 to WWX Trading Inc., Account No. XXXXX7111, Wire ID: MAX-00903256, all at American Express National Bank.

    f. On or about July 29, 2025, he received an ACH deposit of $106,582.45 from Jackson National representing proceeds of a liquidated IRA.

    g. On or about July 29, 2025, he wired $100,000 from his TD Bank account to Jack Wang Construction Inc., Account No. XXXXXX5402, at American Express National Bank, Wire ID: MAX-00922851.

25. In total, Defendants obtained $382,992.04 from Mr. Weigold through these wire transfers.

26. The funds deposited into the TD Bank account and then wired to Defendants came from Mr. Weigold's personal savings at Wells Fargo, a loan against his life insurance policy, a liquidated IRA at Jackson National in the amount of $106,582.45, and a home equity line of credit draw secured by the family home of approximately $205,000.00.

27. All five successful wire transfers were received at American Express National Bank in accounts held in the names of LX Wholesale Trading Inc., WWX Trading Inc., and Jack Wang Construction Inc.

28. Mr. Weigold conducted each wire transfer in person at a TD Bank branch. He made them without his wife's knowledge or consent, even though she co-owns joint accounts and the family home securing the home equity line of credit.

29. TD Bank later denied Mr. Weigold's wire dispute claims, identified as Dispute No. WIR-48018, in their entirety.

30. All funds wired to Defendants have been lost and remain unrecovered.

**D. The Shell Companies**

31. On information and belief, LX Wholesale Trading Inc., WWX Trading Inc., and Jack Wang Construction Inc. are shell entities with no legitimate business operations, formed for the sole purpose of receiving stolen funds on behalf of the John Doe Defendants.

32. Each of these entities maintained accounts at American Express National Bank, all successful wires in this case were received there, and on July 15, 2025, two of the three wires were directed to WWX Trading Inc. at the same bank and account number, reflecting a coordinated effort to extract funds quickly.

33. On information and belief, the persons listed as registered agents or officers of LX Wholesale Trading Inc. and WWX Trading Inc. in New York State records correspond to real individuals associated with the registration addresses, who are either participants in the scheme or unwitting nominees.

**FIRST CAUSE OF ACTION**
**Fraud**
**(Against All Defendants)**

34. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth here.

35. Defendants made material misrepresentations to Mr. Weigold, including that "Leah Davis" was a legitimate investment professional, that "Genisis" was a legitimate investment company, that the Genisis App reflected genuine investment returns, that the wire transfers would be invested on his behalf, and that LX Wholesale Trading Inc.,

WWX Trading Inc., and Jack Wang Construction Inc. were legitimate recipients of investment funds.

36. Defendants knew these representations were false when they made them.

37. Defendants made the representations with the intent to induce Mr. Weigold to liquidate his assets and transfer the proceeds to Defendants.

38. Mr. Weigold reasonably relied on these misrepresentations in light of his cognitive impairment, the length and personal nature of Defendants' communications, and the apparent legitimacy of the Genisis App and the shell company names.

39. As a direct and proximate result of Defendants' fraud, Mr. Weigold suffered damages of $382,992.04, plus additional consequential damages including IRA tax penalties and debt associated with the home equity line of credit, in amounts to be proven at trial.

## SECOND CAUSE OF ACTION
### Civil Conspiracy
### (Against All Defendants)

40. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth here.

41. Defendants, including John Does 1–6, LX Wholesale Trading Inc., WWX Trading Inc., and Jack Wang Construction Inc., combined and conspired for the purpose of defrauding Mr. Weigold and other similarly situated victims.

42. In furtherance of this conspiracy, Defendants created and operated the Genisis App, initiated and maintained fraudulent communications with Mr. Weigold, directed him to open a new TD Bank account and make wire transfers, and received and concealed the stolen proceeds.

43. As a direct and proximate result of this conspiracy, Mr. Weigold suffered damages of $382,992.04, plus additional consequential damages in amounts to be proven at trial.

## THIRD CAUSE OF ACTION
### Violation of the South Carolina Unfair Trade Practices Act
### S.C. Code Ann. § 39-5-10 et seq.
### (Against All Defendants)

44. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth here.

45. Defendants' conduct constitutes unfair and deceptive acts and practices in the conduct of trade or commerce within the meaning of S.C. Code Ann. § 39-5-20.

46. Defendants' operation of a fictitious investment platform, use of manufactured personas and AI-generated imagery, creation and use of shell companies to receive stolen funds, and targeting of an elderly and cognitively vulnerable individual are unfair and deceptive

practices that offend established public policy and are immoral, unethical, oppressive, and unscrupulous.

47. Defendants' conduct has a potential for repetition and is not an isolated event, as the scheme is consistent with a broader pattern of organized investment fraud targeting elderly victims.

48. As a direct and proximate result of Defendants' unfair and deceptive acts and practices, Mr. Weigold suffered actual damages of $382,992.04.

49. Under S.C. Code Ann. § 39-5-140, Plaintiff is entitled to recover actual damages, treble damages, and reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**Violation of the South Carolina Adult Protection Act –**
**Financial Exploitation of a Vulnerable Adult**
**S.C. Code Ann. § 43-35-10 et seq.**
**(Against All Defendants)**

50. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth here.

51. At all relevant times, Mr. Weigold was a vulnerable adult under S.C. Code Ann. § 43-35-10 because he suffered from a mental impairment, specifically cognitive decline associated with moderate atrophy of the cerebellum and cerebrum, that substantially impaired his capacity to make sound financial decisions.

52. Defendants engaged in financial exploitation of Mr. Weigold by wrongfully taking, obtaining, and using his funds through fraud, undue influence, and misrepresentation.

53. Defendants' conduct violates S.C. Code Ann. § 43-35-10 et seq., and Plaintiff is entitled to all available civil remedies under that Act.

**FIFTH CAUSE OF ACTION**
**Civil RICO**
**18 U.S.C. § 1962(c) and § 1964(c)**
**(Against All Defendants)**

54. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth here.

55. Defendants together constitute an enterprise within the meaning of 18 U.S.C. § 1961(4), associated for the common purpose of defrauding elderly and vulnerable individuals through the Genisis investment fraud scheme.

56. Each Defendant participated in the conduct of the enterprise's affairs through a pattern of racketeering activity, including wire fraud in violation of 18 U.S.C. § 1343, by transmitting and causing fraudulent communications by wire across state lines to execute

a scheme to defraud, and money laundering in violation of 18 U.S.C. § 1956, by conducting financial transactions with proceeds of specified unlawful activity to promote the scheme and conceal the nature, source, and ownership of the proceeds.

57. These predicate acts constitute a pattern of racketeering activity under 18 U.S.C. § 1961(5).

58. As a direct and proximate result of Defendants' RICO violations, Mr. Weigold suffered damages of $382,992.04, which are subject to trebling under 18 U.S.C. § 1964(c), together with reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### Unjust Enrichment
**(Against LX Wholesale Trading Inc., WWX Trading Inc., and Jack Wang Construction Inc.)**

59. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth here.

60. Defendants LX Wholesale Trading Inc., WWX Trading Inc., and Jack Wang Construction Inc. received Mr. Weigold's funds in the amounts described in this Complaint without providing any goods, services, or legitimate consideration in return.

61. It would be inequitable and unjust for these Defendants to retain the benefit of those funds.

62. Plaintiff is entitled to restitution and disgorgement of all amounts these Defendants received from Mr. Weigold.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Megan Shealy, as Attorney-in-Fact for Gregory A. Weigold, respectfully requests that the Court:

A. Enter judgment against all Defendants, jointly and severally, for actual damages of $382,992.04.

B. Award treble damages under S.C. Code Ann. § 39-5-140 and/or 18 U.S.C. § 1964(c).

C. Award restitution and disgorgement of all funds received by Defendants LX Wholesale Trading Inc., WWX Trading Inc., and Jack Wang Construction Inc.

D. Award reasonable attorneys' fees and costs under S.C. Code Ann. § 39-5-140 and 18 U.S.C. § 1964(c).

E. Enter such orders, including attachment and injunctive relief, as are necessary to preserve any assets of Defendants subject to recovery.

F. Award pre- and post-judgment interest as allowed by law.

G. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

_____

Dave Maxfield, Esq., FED ID 6293
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

April 14, 2026

9